UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR- 154 |
| | ) | (Jordan / Guyton) |
| | ) | |
| BILLY FLOYD LEASURE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. One motion is pending and subject to disposition by this Court, defendant Billy Floyd Leasure's Motion for Bill of Particulars [Doc. 32], timely filed February 20, 2007, along with Brief in Support of Motion for Bill of Particulars [Doc. 33].

The Court has carefully considered the motion and the authority set forth in the supporting brief, taken in the context of this indictment, and finds that a hearing is not necessary to disposition of the issue raised by defendant Leasure.

Defendant Leasure moves the Court to direct the government to file a Bill of Particulars and to specify therein proof of the alleged conspiracy in light of material provided in discovery. Defendant Leasure, along with two co-defendants, was charged in a four-count indictment filed November 7, 2006. Defendant Leasure is named in count one, alleging a

1

conspiracy, and count two, a substantive count. As to these two counts, the indictment charges that:

> **Count One**: ...on or about January 6, 2005, in the Eastern District of Tennessee, the defendants, Billy Floyd Leasure, a/k/a "Big D," Tasha Benjamin, and Hobart Lynn Mitchell, did combine, conspire, confederate and agree with each other and other persons, to commit violations of 21 U.S.C. 841 (a)(1), this is, knowingly, intentionally and without authority distribute and possess with intent to distribute five grams or more of a mixture and substance containing cocaine base, also known as "crack," a Schedule II controlled substance.
>
> **Count Two**: ... on or about January 6, 2005, within the Eastern District of Tennessee, the defendants, Billy Floyd Leasure, a/k/a "Big D," Tasha Benjamin, and Hobart Lynn Mitchell, aided and abetted by each other, did knowingly, intentionally and without authority distribute a mixture and substance containing cocaine base, also known as "crack," a Schedule II controlled substance.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993); accord United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976). A Bill of Particulars may not be used to obtain detailed disclosure of all evidence held by the government before trial, or to discover all the overt acts that might be proven at trial. See United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993).

The granting of a bill of particulars is within the court's discretion. Id. The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. "An indictment will usually be sufficient if it states the offense using the words of the statute itself, as

long as the statute fully and unambiguously states all the elements of the offense." United States v. Superior Growers Supply, Inc., 982 F.2d 173, 176 (6th Cir. 1992).

Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute*, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

The Court has reviewed the indictment and finds that it is sufficiently specific and fully informs defendant of that of which he is accused. Accordingly, the Court does not find further particularization necessary, and defendant's Motion for Bill of Particulars [Doc. 32] and [Doc. 33] are **DENIED.**

**IT IS SO ORDERED.**

ENTER:


        s/ H. Bruce Guyton
United States Magistrate Judge